CITY OF EVELETH v. TOWN OF FAYAL AND OTHERS.

193 N. W. 2d 831.

January 21, 1972—No. 43046.

Ben P. Constantine, for appellant.

Greenberg & Greenberg and Malcolm Greenberg, for respondents.

Heard before Knutson, C. J., and Otis, Kelly, and Hachey, JJ.

PER CURIAM.

This is a declaratory judgment action brought by the city of Eveleth

to establish its ownership in a sewer system built by the town of Fayal. The trial court denied the relief sought, and the city appeals. We affirm.

The rights of the city and the town are governed by a contract entered between them on August 27, 1924. Pursuant to that agreement, the town at its own expense constructed a pumping station and 4/5 of a mile of sewer line to connect with the city's sewer system. The town was accorded the right in perpetuity to use the facilities, which were to be maintained by the city at its expense but were to be jointly owned by the city and town except as to machinery, equipment, or appliances replaced by the city.

The city has, in fact, replaced a part of the roof, two pumps, seven valves, and two electrical motors. As to these, there is no dispute but that the city has title, and the court so found. Nor is there any dispute about the unconstitutionality of an ordinance adopted by the city which imposed a sewer charge on users residing in the town but which exempted those residing in the city.

In support of its claim of exclusive title to the entire system, the city complains that the trial court recognized only the "literal language" of the contract which, it is argued, results in an "untenable, absurd, impractical" consequence. The joint ownership of all but the items specified, with the right in perpetuity of the town to use the facilities, has presented no problem which the city has called to the attention of either the trial court or this court. If the literal language of the contract makes the operation of the joint system unmanageable, it is a matter for renegotiation between the city and town and not one which requires the court to rewrite the plain terms of the agreement.

Affirmed.

MR. JUSTICE TODD, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.